```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF NORTH CAROLINA
                     EASTERN DIVISION
                    NO. 4:12-CR-88-1H
```

UNITED STATES OF AMERICA )
)
)
v. )
)              **ORDER**
)
STEPHEN A. LAROQUE )
)

This matter is before the court on the following motions filed by defendant:

(1) Motion to Dismiss Count Nine of the Indictment [DE #23];

(2) Motion to Dismiss Count Ten of the Indictment [DE #24];

(3) Motion for Notice of Intention to Use 404(b) Evidence [DE #25];

(4) Motion to Sequester Prosecution Witnesses [DE #26]

(5) Motion to Strike Surplusage in the Indictment [DE #27]

(6) Motion for Release of Brady Materials [DE #28]

(7) Motion for Leave to File Additional Motions [DE #29]

The government has responded and defendant has replied to many of the motions. These matters are ripe for adjudication.

I.   **Motions to Dismiss**

Federal Rule of Criminal Procedure 7(c)(1) provides that an indictment "shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged." "To pass constitutional muster, an indictment must (1) indicate the elements of the offense and fairly inform the defendant of the exact charges and (2) enable the defendant to plead double jeopardy in subsequent prosecution for the same offense." United States v. Williams, 152 F.3d 294, 299 (4th Cir. 1998); accord Hamling v. United States, 418 U.S. 87, 117 (1974). Ordinarily, an indictment that tracks the statutory language is sufficient, as long as it is accompanied by a statement of facts and circumstances that will inform the accused of the charges against him. Hamling, 418 U.S. at 117-118.

Defendant moves the court to dismiss count nine, arguing that the indictment fails to allege all essential elements of a concealment offense under § 1001(a)(1); that count nine fails to provide adequate notice to Mr. Laroque; and, that count nine may impinge on his ability to plead double jeopardy to bar a subsequent prosecution. He also alleges that § 1001(a)(1) is unconstitutionally vague as applied to the conduct in count nine. The government has responded, arguing that the Second

2

Superseding Indictment, which was handed down by the grand jury after the filing of the motion to dismiss, properly alleges that the defendant violated duties owed to the United States Department of Agriculture ("USDA") in his attempt to conceal from the USDA his theft of $300,000 from two federally-funded non-profit organizations. The Introduction to the Second Superseding Indictment also contains detailed factual statements regarding the manner in which the defendant allegedly concealed his theft. Having carefully reviewed the matter, the court finds the indictment sufficient and DENIES the motion [DE #23].

Defendant also moves to dismiss count ten of the indictment, arguing that the allegedly false statement was literally true and therefore count ten fails to state an offense and should be dismissed. Specifically, defendant argues that the phrase "Statements in the Debtor's loan application(s) are true and correct," literally means, at least two statements in the loan application(s) are true and correct. Defendant then opines that because the loan application in fact contains multiple true statements, including the name and address of the organization and its Tax ID number, it is "beyond dispute" that the statement alleged to be false in count ten is literally true.

3

Defendant attempts to support this argument with the Supreme Court formulation of the "absolute truth" defense in the context of a perjury case, see Bronston v. United States, 409 U.S. 352, 355 (1983), and the Fourth Circuit's application of said defense in the context of a Section 1001 charge, United States v. Good, 326 F.3d 589 (4th Cir. 2003). The court finds, as the government argues, that the defendant's reliance on Good is misplaced. The literal truth defense is a narrow defense that "applies only where a defendant's allegedly false statements 'were undisputedly literally true.'" United States v. Sarwari, 669 F.3d 401, 406 (4th Cir. 2012) (quoting United States v. Thomas, 612 F.3d 1107, 1115 (9th Cir. 2010)). Having carefully reviewed the matter, the court finds defendant's argument to be without merit, and the motion to dismiss count ten [DE #24] is DENIED.

I.  **404(b) Evidence**

As to defendant's motion for Notice of Intention to Use 404(b) Evidence, the government has responded, notifying the court and defendant of potential 404(b) evidence as well as agreeing that it will provide any additional 404(b) evidence at a reasonable time prior to trial. Therefore, the court GRANTS the motion [DE #25] and orders the government to file any additional 404(b) evidence at a reasonable time prior to trial.

4

## II. Motion to Sequester

The defendant has also filed a motion to sequester prosecution witnesses. The government has responded, agreeing in part to the motion and asking for an exception for its two case agents. The court GRANTS the motion, excepting the two case agents for the government. The court also notes the sequestration order applies to defense witnesses and their out-of-court communications.

## III. Motion to Strike

Defendant also moves the court to strike surplusage from the indictment. In this motion, defendant requests that the court strike the 67-page Introduction Section from the indictment, or in the alternative, prohibit the jury from viewing/reading the Introduction. "A motion to strike surplusage from the indictment should be granted only if it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial." United States v. Williams, 445 F.3d 724, 733 (4th Cir. 2006) (quoting United States v. Rezaq, 134 F.3d 1121, 1134 (D.C. Cir. 1998)). At this pre-trial juncture, when no evidence has been presented, the court is unable to determine that the introduction to the indictment is not relevant to the

5

charges. Therefore, the motion to strike [DE #27] is DENIED WITHOUT PREJUDICE.

IV.  **Brady Materials**

As to defendant's motion for release of Brady Materials, the court GRANTS the motion [DE #28] inasmuch as defendant's request is in accordance with law and is not objected to by the government.

V.  **Additional Motions**

The defendant has filed a motion for leave to file additional motions. The court DENIES the motion [DE #29] as prematurely filed. The court will not give blanket permission to file numerous motions after the pretrial deadline. If defendant feels the need to file an additional motion, he may seek permission to do so as the need arises.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss count nine [DE #23] is DENIED; defendant's motion to dismiss count ten [DE #24] is DENIED; defendant's motion for Notice regarding 404(b) Evidence [DE #25] is GRANTED; defendant's motion to sequester [DE #26] is GRANTED with the exception of the government's two case agents; defendant's motion to strike [DE #27] is DENIED WITHOUT PREJUDICE; defendant's motion for

6

Brady materials [DE #28] is GRANTED; and, defendant's motion for leave to file additional motions [DE #29] is DENIED.

Still pending before the court is defendant's motion to dismiss counts one through eight of the second superseding indictment, which will be addressed in due course.

This 30th day of April 2013.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26