IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:12-CR-88-1H

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| STEPHEN A. LAROQUE ) | |

This matter is before the court on defendant's motion to dismiss counts one through eight of the indictment. The government has responded, and defendant has replied. This matter is ripe for adjudication.

Defendant moves the court to dismiss counts one through eight, arguing that because the boards of the non-profit entities that Laroque managed authorized the transactions in question, and because Laroque was the rightful owner of the funds at issue, the funds were not stolen. Defendant argues he therefore could not be guilty of theft under 18 U.S.C. § 666(a)(1)(A) as charged in counts one through four. He also argues that because counts five through eight, which charge

violations of 18 U.S.C. §§ 1957, monetary transactions in criminally derived property, rely entirely on proof of the theft in counts one through four, they should also be dismissed.

Federal Rule of Criminal Procedure 7(c)(1) provides that an indictment "shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged." "To pass constitutional muster, an indictment must (1) indicate the elements of the offense and fairly inform the defendant of the exact charges and (2) enable the defendant to plead double jeopardy in subsequent prosecution for the same offense." United States v. Williams, 152 F.3d 294, 299 (4th Cir. 1998); accord Hamling v. United States, 418 U.S. 87, 117 (1974). Ordinarily, an indictment that tracks the statutory language is sufficient, as long as it is accompanied by a statement of facts and circumstances that will inform the accused of the charges against him. Hamling, 418 U.S. at 117-118.

Having carefully reviewed the matter, the court finds that counts one through eight of the indictment indicate the elements of the offenses charged and inform defendant of the charges against him. The indictment also enables the defendant to plead double jeopardy. Finding the indictment to be sufficient as to

2

counts one through eight, the court hereby DENIES the motion to dismiss [DE #41].

This  1st  day of May 2013.

*(signature)*
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26

3