IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:12-CR-88-1H

| | |
|---|---|
| UNITED STATES OF AMERICA ) ) ) v. ) ) ) STEPHEN A. LAROQUE ) ) | **ORDER** |

UNITED STATES OF AMERICA )
)
)
v. )
)                                    **ORDER**
)
STEPHEN A. LAROQUE )
)

This matter is before the court on defendant's motion to dismiss counts eleven and twelve of the second superseding indictment ("indictment"). The government has responded, and this matter is ripe for adjudication.

Defendant moves the court to dismiss counts eleven and twelve of the indictment, which charge the defendant with willfully filing materially false 2009 and 2010 Federal Income Tax Returns notwithstanding his declaration, under penalties of perjury, that the information in each return was true and correct, in violation of 26 U.S.C. § 7206(1). Additionally, the indictment informs the defendant that the alleged falsehood

contained in each return is the understatement of the defendant's tax liability.

Federal Rule of Criminal Procedure 7(c)(1) provides that an indictment "shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged." "To pass constitutional muster, an indictment must (1) indicate the elements of the offense and fairly inform the defendant of the exact charges and (2) enable the defendant to plead double jeopardy in subsequent prosecution for the same offense." United States v. Williams, 152 F.3d 294, 299 (4th Cir. 1998); accord Hamling v. United States, 418 U.S. 87, 117 (1974). Ordinarily, an indictment that tracks the statutory language is sufficient, as long as it is accompanied by a statement of facts and circumstances that will inform the accused of the charges against him. Hamling, 418 U.S. at 117-118.

Having carefully reviewed the matter, the court finds that counts eleven and twelve of the indictment indicate the elements of the offenses charged and inform defendant of the charges against him. The indictment also enables the defendant to plead double jeopardy. Defendant's attempt to speculate about the government's theory of guilt and the truth or falsity of those theories is not appropriate on a motion to dismiss. Finding the

2

indictment to be sufficient as to counts eleven and twelve, the court hereby DENIES the motion to dismiss [DE #47].

This 14th day of May 2013.

_____
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26

3

Case 4:12-cr-00088-H   Document 58   Filed 05/14/13   Page 3 of 3