IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:12-CR-88-1H

UNITED STATES OF AMERICA         )
                                 )
                                 )
     v.                          )
                                 )          **ORDER**
                                 )
STEPHEN A. LaROQUE               )

This matter is before the court on the following post-verdict motions filed by defendant: (1) Motion for Acquittal as to Counts One through Eight (DE #114); (2) Motion for Acquittal as to Counts Nine and Ten (DE #118); (3) Motion for Acquittal as to Counts Eleven and Twelve (DE #119); and, (4) Motion for New Trial (DE #120). The government has responded, and the time for further filings has expired. These motions are ripe for ruling.

On June 7, 2013, a jury returned a verdict of guilty on each count of a twelve-count second superseding indictment filed against defendant. In three separate motions, the defendant now moves, pursuant to Federal Rule of Criminal Procedure 29, for the court to enter a judgment of acquittal as to each of the twelve counts.

## Motions for Judgment of Acquittal

Rule 29 of the Federal Rules of Criminal Procedure directs the court to enter a judgment of acquittal on any offense charged in an indictment if the evidence is insufficient to sustain a conviction of such offense. Fed. R. Crim. P. 26(a). "A defendant challenging the sufficiency of the evidence to support his conviction bears 'a heavy burden.'" United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (quoting United States v. Hoyte, 51 F.3d 1239, 1245 (4th Cir. 1995)). When reviewing a conviction for insufficiency of evidence, the verdict of a jury must be sustained "if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). Substantial evidence is that which "a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996).

Reversal for insufficient evidence is reserved for the rare case "where the prosecutor's failure is clear." Burks v. United States, 437 U.S. 1, 12 (1978). The court "may not overturn a substantially supported verdict merely because it finds the verdict unpalatable or determines that another, reasonable verdict would be preferable." Burgos, 94 F.3d at 862.

Defendant argues that the court should grant a judgment of acquittal on Counts One through Eight because reasonable doubt exists as to whether defendant had percentage-based contracts before 2009.

As to Counts Nine and Ten, defendant argues that no reasonable juror could find that defendant intentionally concealed material facts from the USDA that he had a duty to disclose and that the government failed to show that defendant made a knowing false statement in relation to Count Ten.

Defendant also argues for judgment of acquittal as to Counts Eleven and Twelve. Defendant argues that as to Count Twelve, because he filed his tax return after he was served with federal grand jury subpoenas, that the jury would have to find that he intentionally violated the laws with the knowledge that he was being investigated. He argues the government did not show that and that as to Counts Eleven and Twelve, that defendant simply signed the returns that his accountant drafted. Defendant argues, therefore, he could not be found guilty of knowing violations of the tax laws.

This court has carefully reviewed this matter, including the memoranda filed by both the defendant and the government and finds that, in the light most favorable to the government, there

3

is sufficient evidence to support the jury's verdict as to each count as detailed in the government's memoranda. Therefore, the motions for judgment of acquittal are DENIED.

### Motion for New Trial

Also before the court is defendant's motion for a new trial pursuant to Federal Rule of Criminal Procedure 33, arguing that for the reasons set out in defendant's motions for judgments of acquittal, the weight of the evidence did not support the verdict. Rule 33 of the Federal Rules of Criminal Procedure empowers the court to vacate a jury's verdict and order a new trial "if the interest of justice so requires." Fed R. Crim. P. 33(a). In ruling on a motion for new trial under Rule 33, a trial court's authority is broader than when ruling on a motion for judgment of acquittal under Rule 29. Under Rule 33, the court may evaluate the credibility of the witnesses and is not bound by the requirement that it view the evidence in the light most favorable to the government. The court should grant a new trial, "[w]hen the evidence weighs so heavily against the verdict that it would be unjust to enter judgment." United States v. Arrington, 757 F.2d 1484, 1485 (4th Cir. 1985). Despite this broader authority, "the trial court's discretion should be used sparingly, and a new trial should be granted only when the evidence weighs heavily against the verdict." Id. at

4

1486 (citing 3 Wright *Federal Practice and Procedure* § 353 (1982)).

The court has carefully considered all the evidence in light of the authority granted this court by Rule 33 of the Federal Rules of Criminal Procedure and is unable to find that the weight of the evidence does not support the verdicts. Therefore, the defendant's motion for a new trial [DE #120] is also DENIED.

This  1st  day of August 2013.

_____
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26