IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:12-CR-88-1H

UNITED STATES OF AMERICA )
)
)
v. )
)
) **ORDER**
)
STEPHEN A. LaROQUE )

This matter is before the court on defendant's renewed motion for new trial on Counts One through Ten [DE #139]. The government responded [DE #147], defendant produced a supplemental memorandum [DE #174], and the court has held conferences on this matter. Additionally, the court conducted a hearing on this motion on Tuesday, February 18, 2014, at the United State Courthouse in Greenville, North Carolina.

## PROCEDURAL HISTORY

Following the jury verdict in this matter,[1] the government filed a post-verdict notice of possible juror misconduct [DE #97], and the defendant responded to the notice by filing a Motion for New Trial [DE #111], pursuant to Rule 33 of the

---

[1] The jury returned a verdict of guilty as to all twelve counts of the second superseding indictment.

Federal Rules of Criminal Procedure.

The Notice informed the court of the following:

> [A]s the undersigned attorney was returning a key to the court clerk's office, two jurors, accompanied by a court security officer, approached the undersigned attorney to thank the Government for its work in the case. During the short discussion that followed, one of the jurors mentioned in passing that another juror (who was not present) had conducted home Internet research regarding Subchapter S Corporations and had mentioned this fact to the assembled jury.

(Notice 2).

Based on this information, the court held a sealed hearing on June 19, 2013. On August 1, 2013, the court granted in part and denied in part defendant's motion for a new trial, setting aside the jury's verdict as to Counts Eleven and Twelve, based on jury misconduct.

> Specifically, the court reasoned:
>
> [T]here was juror misconduct in that Juror Number Three conducted research on the internet in contravention of the instructions of the court. . . . Because the outside research done by the juror related to the filing of taxes, the court finds that it may have been material to Counts Eleven and Twelve. As the court is not able to say that the misinformation obtained by Juror Number Three was immaterial to those counts, the court determines that a presumption of prejudice arises.

United States v. Laroque, No. 4:12-CR-88-1H, 2013 WL 3984131, at *4 (E.D.N.C. Aug. 1, 2013). The court then found that the government was unable to rebut the presumption of prejudice against defendant as to Counts Eleven and Twelve.

2

On August 30, 2013, the defendant filed a renewed motion for new trial, attaching affidavits from two jurors ("original affidavits").[2] The government responded in opposition on October 7, 2013, raising issue as to the admissibility of the original affidavits. On February 10, 2014, defendant filed a supplemental memorandum in support of his renewed motion for new trial and submitted a new affidavit ("supplemental affidavit") from Juror Number Three. The court held a hearing in this matter on February 18, 2014, and heard extensive arguments from the parties on these matters.

Defendant argued that the affidavits are admissible, specifically the portions about outside research on deferred compensation. Furthermore, defendant argued that deferred compensation goes to the heart of the defense presented at trial, and therefore, the extrinsic information on that subject was material as to Counts One through Ten. As a showing of materiality gives rise to a presumption of prejudice, defendant then argued that the government could not meet its burden to overcome that presumption.

The government countered that the affidavits were improper, at least in part, pursuant to Rule 606(b), and questioned the credibility of Juror Number Three's sworn statements. The

---

[2] Also attached to the renewed motion was a newspaper article that the court does not consider as evidence in its analysis below.

3

government did not seek to call Juror Number Three as a witness or otherwise present any new evidence. Nonetheless, the government posited that even if Juror Number Three researched deferred compensation online, it is immaterial to Counts Nine and Ten. Furthermore, the government claimed it could rebut any presumption of prejudice as to all counts.

At the conclusion of the two-hour hearing, the court issued an oral order granting defendant's motion, to be followed by the instant written order.

## COURT'S DISCUSSION

The Sixth Amendment provides, in pertinent part, that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed." U.S. Const. amend. VI. "In essence, the right to jury trial guarantees the criminally accused a fair trial by a panel of impartial, indifferent jurors. The failure to accord an accused a fair hearing violates even the minimal standards of due process." United States v. Basham, 561 F.3d 302, 319 (4th Cir. 2009) (quoting Irvin v. Dowd, 366 U.S. 717, 722 (1961)).

4

## I. Admissibility of Evidence

As discussed above, defendant has submitted affidavits from jurors which are challenged as inadmissible pursuant to Rule 606 of the Federal rules of Evidence. Rule 606 provides:

> (b) During an Inquiry into the Validity of a Verdict or Indictment.
>
> (1) *Prohibited Testimony or Other Evidence.* During an inquiry into the validity of a verdict or indictment, a juror may not testify about any statement made or incident that occurred during the jury's deliberations; the effect of anything on that juror's or another juror's vote; or any juror's mental processes concerning the verdict or indictment. The court may not receive a juror's affidavit or evidence of a juror's statement on these matters.
>
> (2) *Exceptions*. A juror may testify about whether:
>
> (A) extraneous prejudicial information was improperly brought to the jury's attention;
>
> (B) an outside influence was improperly brought to bear on any juror; or
>
> (C) a mistake was made in entering the verdict on the verdict form.

Fed. R. Evid. 606(b).

Rule 606(b) exists to promote finality of verdicts and to protect jurors from harassment. See Tanner v. United States, 483 U.S. 107, 107 S. Ct. 2739 (1987). However, to protect a defendant's right to a trial by an impartial jury, Rule 606(b)(2) creates exceptions, allowing a juror to testify or submit affidavits showing they were exposed to outside prejudicial information or an outside influence. Together, the

two sections of the rule attempt to strike a proper balance between two important, yet competing, interests. "Thus, although a juror can testify that she consulted an extraneous influence and related her findings to the panel, neither she nor any other juror can testify about any effect the extraneous influence may have had on the verdict or on the jury deliberations." United States v. Lawson, 677 F.3d 629, 647 (4th Cir. 2012) (internal quotation marks and citations omitted).

### A. Original Affidavits

As to the original affidavits submitted on August 30, 2014, as attachments to defendant's renewed motion for a new trial, the court finds them inadmissible pursuant to Rule 606(b) of the Federal Rules of Evidence. These affidavits detail the mental processes of the jurors during jury deliberations, and a "contrary conclusion would undermine the very purpose of Rule 606(b)." Lawson, 677 F.3d at 647 ("Rule 606(b) prohibits testimony concerning jurors' thought processes during deliberations.") To strike the portions of the affidavits that are violative would so gut the affidavits as to make such exercise futile. Thus, the court will not consider the original affidavits in its analysis.

## B. Supplemental Affidavit

Applying the same standard, the court considers admission of the supplemental affidavit of Juror Number Three, signed February 5, 2014. With the exception of paragraphs 6 and 12, the supplemental affidavit does not contain the juror's thought processes. Therefore, the court strikes paragraphs 6 and 12 as inadmissible pursuant to Rule 606(b), and does not consider them in its deliberations. The remaining paragraphs[3] in the supplemental affidavit are admissible and considered as evidence below.

## II. Juror Misconduct

As detailed in prior orders of this court, in cases of third-party communication or contact with the jury, the Supreme Court has established a presumption of prejudice, known as the "Remmer presumption." It provides:

> [A]ny private communication, contact, or tampering directly or indirectly, with a juror during a trial about the matter pending before the jury is, for obvious reasons, deemed presumptively prejudicial. . . . The presumption is not conclusive, but the burden rests heavily upon the Government to establish, after notice to and hearing of the defendant, that such contact with the juror was harmless to the defendant.

Remmer v. United States, 347 U.S. 227, 229 (1954).

---

[3] The supplemental affidavit was submitted with certain paragraphs blacked out. To be clear, the court has not seen these omitted paragraphs, thus it is considering only paragraphs 1, 2, 3, 4, 7, and 8 of the supplemental affidavit as it appears at Docket Entry Number 174-1.

7

The Remmer presumption also arises when a juror conducts independent internet research as to a material term in the case. See United States v. Lawson, 677 F.3d 629, 645 (4th Cir. 2012) (applying the Remmer presumption where "a juror uses a dictionary or similar resource to research the definition of a material word or term at issue in a pending case.")

Once such a presumption arises, the government may rebut this presumption of prejudice by presenting evidence as to the following Mayhue factors:[4]

(1) The importance of the word or phrase being defined to the resolution of the case;

(2) The extent to which the dictionary definition differs from the jury instructions or from the proper legal definition;

(3) The extent to which the jury discussed and emphasized the definition;

(4) The strength of the evidence and whether the jury had difficulty reaching a verdict prior to introduction of the dictionary definition; and,

(5) Any other factors that relate to a determination of prejudice.

---

[4] These factors adopted by the Fourth Circuit in Lawson were first delineated in Mayhue v. St. Francis Hosp. of Wichita, Inc., 969 F.2d 919, 924 (10th Cir. 1992). In Lawson, the court, using the Mayhue factors, found that the government had not rebutted the presumption as to the animal fighting statute and granted a new trial as to those counts. Lawson, 677 F.3d at 651. The court noted that there was outside research of a material element that was shared with the other juror members shortly before the verdict was reached. The court was also particularly concerned with the unreliability of the Wikipedia site. Id. at 650.

8

Case 4:12-cr-00088-H  Document 181  Filed 02/20/14  Page 8 of 11

Mayhue, 969 F.2d at 924.

Turning to the instant matter, the court again finds there was juror misconduct in that Juror Number Three conducted research on the internet in contravention of the instructions of the court. The supplemental affidavit of Juror Number Three reveals that his research included information on deferred compensation rules. (Supp. Aff. ¶3.) The supplemental affidavit also indicates this information was different from the information presented at the three-week long trial. (Supp. Aff. ¶4.)

The court finds that the extrinsic information obtained by Juror Number Three may have been material and relevant to Counts One through Ten because the term deferred compensation related to defendant's underlying total defense. See Lawson, 677 F.3d at 645. Thus, the Remmer presumption arises in this case, and the government has the burden of rebuttal. See id.

In consideration of the Mayhue factors, the court is especially concerned that deferred compensation was central to defendant's theory of the case. See Lawson, 677 F.3d at 647 (discussing the first Mayhue factor). Furthermore, deferred compensation was not defined in the court's instructions to the jury. This is troubling because the court has no evidence of what particular definition or definitions of deferred

9

compensation Juror Number Three reviewed. As in Lawson, the content of the material reviewed is not in the record, and may be quite expansive. See Lawson, 677 F.3d at 648 (discussing concern that a Wikipedia entry for the term "sponsor" cannot be retraced to its form when it was reviewed by a juror in that case). While the juror did not print out any information or share the contents of his research with any of the other jurors, testimony from the sealed hearing revealed that Juror Number Three informed other jurors of his research.

Rule 606(b) limits the court's ability to fully ascertain the effect this research had on the deliberations and the ultimate verdict in the case. While the court takes into account evidence of defendant's guilt, that factor must be balanced against the other factors in Mayhue. Thus, the court finds that the government cannot overcome the presumption of prejudice established by the evidence defendant has submitted. See Lawson, 677 F.3d at 651 ("In balancing the Mayhue factors discussed above, we conclude as a matter of law that the government has failed to rebut the Remmer presumption of prejudice.").

In light of the additional information now before the court and after due consideration of the constraints of Federal Rule of Evidence 606(b) as well as the defendant's constitutional

10

right to a fair trial by an impartial jury, the court must set aside the jury's verdict.

## CONCLUSION

For the foregoing reasons, the court hereby sets aside the jury's verdict as to Counts One through Ten due to juror misconduct and GRANTS defendant a new trial as to Counts One through Ten. Inasmuch as this court previously granted defendant's motion as to Counts Eleven and Twelve, the defendant is entitled to a new trial on all counts.

This 20TH day of February 2014.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26

11