IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:12-CR-88-1H

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : |
| | : |
| STEPHEN A. LaROQUE | : |

### CONSENT RESTRAINING ORDER

THIS MATTER IS BEFORE THE COURT based on the consent of the parties for entry of a consent restraining order pursuant to 21 U.S.C. § 853(e). For good cause shown, it is hereby ORDERED that the following property is RESTRAINED pending the resolution of the above-captioned matter:

1. The real property located at 1820 Dupree Street in Kinston, North Carolina 28504, and described in Book 1100, Page 71 of the Lenoir County Register of Deeds;

2. The real property located at 1822 Dupree Street in Kinston, North Carolina 28504, and described in Book 1100, Page 71 of the Lenoir County Register of Deeds;

3. The real property located at 2610 Cabin Branch, in Kinston, North Carolina 28504, and described in Book 1597, Page 729 of the Lenoir County Register of Deeds; and

4. $56,100.00 in funds held in the attorney trust account of Keith A. Williams, counsel to Stephen A. LaRoque (collectively "Subject Property").

IT IS FURTHER ORDERED that, effective immediately, Stephen A. LaRoque, his agents, servants, employees, attorneys, family members and those persons in active concert or

participation with him, and those persons, financial institutions, or other entities who have any interest or control over the Subject Property are hereby

RESTRAINED, ENJOINED, AND PROHIBITED from attempting or completing any action that would affect the availability, marketability or value of the identified property, including but not limited to selling, transferring, assigning, pledging, distributing, encumbering, wasting, secreting, depreciating, damaging, or in any way diminishing the value of, all or any part of their interest, direct or indirect, in the Subject Property. The Court finds that the Government has not seized and is not attempting to restrain any property other than the Subject Property in this case.

IT IS FURTHER ORDERED that the property owner(s) are required to maintain the present condition of the Subject Property, including timely payment of all loan payments and insurance, taxes, and assessments until further order of this Court. The Government is hereby authorized to enter said properties to videotape conditions in order to verify that said properties are being maintained, subject to providing three (3) days' notice to Stephen A. LaRoque through counsel.

IT IS FURTHER ORDERED that any financial institutions holding liens on the Subject Property shall respond promptly to requests by the Government for information on said lienholder's current status.

IT IS FURTHER ORDERED that the United States or Stephen A. LaRoque may seek modifications of this Order if it is deemed necessary by them to preserve their interest in the Subject Property.

IT IS FURTHER ORDERED that the Attorney General or his designee shall promptly serve a copy of this Restraining Order upon Stephen A. LaRoque and any other party having a potential interest in or claim to the identified property, including any financial institution or lessee, and shall a make a return thereon reflecting the date and time of service.

IT IS FURTHER ORDERED as evidenced by her signature below that Stephen A. LaRoque's wife, Susan R. LaRoque, shall be bound the terms and conditions of this Consent Restraining Order. Susan R. LaRoque further agrees that if the Subject Property is forfeited to the United States in this matter, she will execute any and all documents consenting to the forfeiture of any and all her interest in the Subject Property.

Pursuant to the parties' agreement giving rise to this Consent Restraining Order, the United States agrees that within three (3) days of entry of this Order, it shall withdraw the following Notices of Lis Pendens filed by the Government against real property allegedly owned by the Defendant in the following state court file numbers by filing a Withdrawal of Notice of Lis Pendens:

1. Lenoir County 12 M 178 (referencing Lenoir County deed book 1129, page 607);

2. Lenoir County 12 M 180 (referencing Lenoir County deed book 924, page 197);

3. Lenoir County 12 M 201 (referencing Jones County deed book 340, page 503; same property also is shown in Lenoir County deed book 1591 page 400);

4. Jones County 12 M 29 (also referencing Jones County deed book 340, page 503).

Nothing in the Order shall be deemed an admission of wrongdoing or fault by the Defendant. Neither this Order, nor the parties' consent to entry of this Order, may be used against either party for any purpose at trial or sentencing of the above-captioned case. In

3

addition, nothing in this Order shall be deemed an admission or concession by the United States that it lacks the authority to file a Notice of Lis Pendens in any case.

THIS RESTRAINING ORDER shall remain in full force and effect until further order of this Court.

The court hereby DISMISSES AS MOOT DE # 161, Defendant's Motion for Authorization to Pay Attorney Fees and Case Expenses from Private Funds.

DONE this the 5TH day of March, 2014.

HONORABLE MALCOLM J. HOWARD
Senior United States District Judge
Eastern District of North Carolina

WITH CONSENT:

STEPHEN A. LAROQUE                       DATE: 3-4-14

SUSAN R. LAROQUE                         DATE: 3-4-14

KEITH WILLIAMS                           DATE: 3/4/14
Attorney for Stephen A. LaRoque

THOMAS G. WALKER

BY: JOSHUA B. ROYSTER                    DATE: 3/4/14
Attorney for the United States of America

4