IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:12-CR-88-1H

| UNITED STATES OF AMERICA | ) |  |
|---|---|---|
|  | ) |  |
| v. | ) |  |
|  | ) | **ORDER** |
| STEPHEN A. LAROQUE | ) |  |
|  | ) |  |

This matter is before the court on the following motions filed by defendant:

(1) Motion to Dismiss Count Eleven of the Indictment [DE #208];

(2) Motion to Compel Discovery [DE #209];

(3) Motion for Evidence under Rule 404(b) [DE #217];

(4) Motion for Discovery [DE #218];

(5) Motion to Incorporate and Deem Re-filed All Previous Motions [DE #219]; and

(6) Motion for Leave to File Additional Pretrial Motions If Needed [DE #220].

The government has responded and defendant has replied to many of the motions. In addition, a hearing was held on January 15, 2015, at the United States Courthouse in Greenville, North

Carolina regarding the pretrial motions in this matter. These matters are ripe for adjudication.

## I. Motions to Dismiss Standard of Review

Federal Rule of Criminal Procedure 7(c)(1) provides that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." "To pass constitutional muster, an indictment must (1) indicate the elements of the offense and fairly inform the defendant of the exact charges and (2) enable the defendant to plead double jeopardy in subsequent prosecution for the same offense." United States v. Williams, 152 F.3d 294, 299 (4th Cir. 1998). Accord, Hamling v. United States, 418 U.S. 87, 117 (1974). Ordinarily, an indictment that tracks the statutory language is sufficient, as long as it is accompanied by a statement of facts and circumstances that will inform the accused of the charges against him. Hamling, at 117-118.

## II. Motion to Dismiss Count Eleven [DE #208]

Defendant moves this court to dismiss Count Eleven as insufficient as a matter of law because it relies on defendant filing a document with the IRS "on or about May 14, 2010," when no such filing is alleged in the Indictment and when the court can take judicial notice of the fact that no such filing

2

occurred on that date. Defendant argues this is a fatal flaw because although Count Eleven indicates defendant's 2009 return was filed "on or about May 14, 2010," the introduction to the Indictment refers to other filing dates—"on or about October 14, 2010" (¶ 129) and "on or about October 7, 2011" (¶ 181).

The government acknowledges that the return filing date in Count Eleven is a scrivener's error, the result of a simple typographical mistake made during the draft process. "Where a particular date is not a substantive element" of the offense, "strict chronological specificity or accuracy is not required." United States v. Kimberlin, 18 F.3d 1156, 1159 (4th Cir. 1994)(citations omitted). The exact filing date is not an essential element of 26 U.S.C. § 7206(1). Here, the Indictment alleges that the return was filed before the expiration of the statute of limitations and the date is alleged as "on or about," deeming the defendant to be on notice that the charge is not limited to a specific date. The sufficiency of Count Eleven is not undermined by this scrivener's error. The allegations of Count Eleven are sufficient to apprise the defendant of the nature of the charge against him, the willful understatement of his tax liability on his 2009 tax return, which paragraph 129 indicates was filed on October 14, 2010.[1] Finding Count Eleven

---

[1] The court notes that defendant filed an amended return on October 7, 2011 according to paragraph 181 of the second superseding indictment. There are

3

to be sufficient, the court DENIES the motion to dismiss [DE #208].

III. **Motion to Compel Discovery [DE #209]**

Defendant moves to compel discovery of email correspondence of George Vital relating to the defendant, East Carolina Development Company (ECDC) and Piedmont Development Company (PDC). Subsequent to the filing of this motion, and prior to the hearing held in this matter, the government turned over some 300 plus pages of additional discovery that they represent to the court constitutes the requested discovery. Defendant, through counsel, acknowledged receipt of these documents. As the requested material has been given to the defendant, the motion to compel discovery is MOOT [DE #209].

IV. **Motion for Notice of Other Crimes, Wrongs or Acts [DE #217]**

Defendant moves the court for an order requiring the government to give notice of its intention to use at the trial any Rule 404(b) evidence. In its response [DE #226], the government acknowledges its obligations under Rule 404(b) and notes that its precautionary Rule 404(b) notice was filed on May 4, 2013 [DE #52]. There being no indication that the government

---

no allegations in Count Eleven or paragraph 181 that the amended return was false.

4

has failed to meet its obligations under the rule, the court DENIES defendant's motion [DE #217].

**V.     Motion for Discovery [DE #218]**

Defendant moves the court for discovery and inspection of all evidence described by Federal Rule of Criminal Procedure 16 including exculpatory and impeachment evidence under Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972). The government acknowledges its obligations under Brady and Giglio as well as the Rules of Criminal Procedure. The government notes it has already provided broad discovery to the defendant and will continue to supplement discovery as necessary. The government objects to discovery requests which go beyond that required by law. The court credits the government's assertion that it has and will continue to comply with its discovery obligations, and therefore GRANTS IN PART the motion to preserve defendant's right to receive complete discovery material and DENIES IN PART the motion inasmuch as it seeks discovery beyond the obligations of the Rules and case law [DE #218].

5

## VI. Motion to Incorporate and Deem Re-Filed All Previous Motions [DE #219]

Defendant moves the court to incorporate by reference and deem re-filed all previous motions. The government objects to any attempt by the defendant to re-litigate matters that are moot. Inasmuch as the court was presented with and ruled on motions prior to the first trial of this matter, those orders are part of the record in this matter. The court acknowledges the defendant's desire to preserve any objections. The court deems the motion moot [DE #219] inasmuch as those rulings are already part of the record.

## VII. Motion for Leave to File Additional Pretrial Motions If Needed [DE #220]

The defendant has filed a motion for leave to file additional motions. The court DENIES without prejudice the motion [DE #220] as prematurely filed. The court will not give blanket permission to file numerous motions after the pretrial deadline. If defendant needs to file an additional motion, he may seek permission to do so as the need arises.

**CONCLUSION**

For the foregoing reasons, defendant's:

(1) Motion to Dismiss Count Eleven of the Indictment [DE #208] is DENIED;

(2) Motion to Compel Discovery [DE #209] is deemed MOOT;

(3) Motion for Evidence under Rule 404(b) [DE #217] is DENIED;

(4) Motion for Discovery [DE #218] is GRANTED IN PART and DENIED IN PART;

(5) Motion to Incorporate and Deem Re-filed All Previous Motions [DE #219] is deemed MOOT; and

(6) Motion for Leave to File Additional Pretrial Motions If Needed [DE #220] is DENIED WITHOUT PREJUDICE.

This 15th day of January 2015.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26