IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:12-CR-88-1H

UNITED STATES OF AMERICA )
)
)
v. )
)
)
STEPHEN A. LAROQUE ) **ORDER**
)
)
)

This matter is before the court on the following motions filed by defendant:

(1) Motion for Production of Any Order Extending Grand Jury's Term or, in the alternative, for Dismissal [DE #207];

(2) Motion to Dismiss Counts 1-4 (§ 666 Counts) [DE #210];

(3) Motion to Dismiss Count 9 on Duplicity Grounds [DE #212];

(4) Motion to Dismiss all Counts [DE #213];

(5) Motion for Bill of Particulars on Counts 11 and 12 [DE #214];

(6) Motion to Dismiss Counts 1-4 for Failure to State an Offense [DE #215];

(7) Motion to Dismiss Counts 1-9 and 11-12 on Vagueness Grounds [DE #216]; and

(8) Motion to Produce Unredacted Emails [DE #222].

**I. Motion for Production of Any Order Extending Grand Jury's Term or, in the alternative, for Dismissal [DE #207]**

Defendant moves the court for production of a copy of any Order extending the term of the grand jury's service in the instant matter beyond 18 months. Defendant details what he contends are irregularities in the timeline of the grand jury, arguing that if the grand jury served longer than the 18 months allowed by Rule 6 of the Federal Rules of Criminal Procedure, defendant is entitled to production of any court order extending the grand jury term, or if none exists, to dismissal of the case.

The government responded, objecting to the request and noting the presumption of regularity afforded to the grand jury. The court, finding some evidence suggesting irregularity, has conducted a limited in camera examination of the jury administrator of the United States District Court for the Eastern District of North Carolina. The court questioned the jury administrator, who was under oath, regarding the timeline of any grand juries which handed down indictments in the above-captioned matter. The court is satisfied that there were no irregularities in the timing of the grand juries, inasmuch as there is no evidence that a grand jury served beyond the 18 month term allowed under Rule 6 of the Federal Rules of Criminal Procedure.

Therefore, defendant's motion for production, or alternatively for dismissal, [DE #207], is DENIED.

## II. Motion to Dismiss Counts 1-4 (§ 666 Counts) [DE #210]

Defendant moves to dismiss counts One through Four for failure to allege an essential element of 18 U.S.C. § 666 — namely, the inapplicability of § 666(c), which states, "This section does not apply to bona fide salary, wages, fees, or other compensation paid, or expenses paid or reimbursed, in the usual course of business." Defendant relies on United States v. Jackson, 926 F.Supp.2d 691, 715 (E.D.N.C. 2013), in which the court found that the inapplicability of an exception to an obstruction of justice statute was an essential element of the crime that the government had to allege in the indictment. In response, the government cites McKelvey v. United States, 260 U.S. 353, 356-57 (1922), for the proposition that an exception to a statute is an affirmative defense that the defendant must prove. It also argues that Jackson was narrowly confined to the particular statute at issue in that case, and should not be extended to the instant matter.

Although the Fourth Circuit Court of Appeals has not addressed the question of whether § 666(c) is an essential element or affirmative defense, it has confronted this distinction in the context of exceptions in other criminal statutes. In United States v. Royal, 731 F.3d 333 (4th Cir.

3

2013), the defendant was charged with a firearm offense under 18 U.S.C. § 922(g). He argued that the indictment was defective based on the government's failure to allege the inapplicability of § 921(a)(3), the statute's "antique firearm exception," which he contended was an essential element of a § 922 offense. Id. at 337-38. The court concluded that the exception was an affirmative defense, and, thus, the burden to raise the exception was on the defendant. Id. at 338. In support of its position, the court cited the Supreme Court for "the longstanding principle that 'an indictment or other pleading founded on a general provision defining the elements of an offense . . . need not negative the matter of an exception made by a proviso or other distinct clause . . . . [I]t is incumbent on one who relies on such an exception to set it up and establish it.'" Id. (citing McKelvey v. United States, 260 U.S. 353, 357 (1922)).

In light of the Fourth Circuit's decision in Royal and the "longstanding principle" that an indictment need not, as an essential element, negate a statutory exception, the court finds that the § 666(c) exception is not an essential element that the government must allege in the Indictment. In so finding, the court distinguishes and declines to extend Jackson.

Jackson concerned 18 U.S.C. § 1515(c), which provides that federal obstruction of justice laws do not "prohibit or punish

4

the providing of lawful, bona fide, legal representation services in connection with or anticipation of an official proceeding." The court held that where a lawyer or her agent is charged with an obstruction offense, the government must allege, as an essential element, the inapplicability of the § 1515(c) exception. The court noted the limited nature of its decision, stating that "the government need only plead the inapplicability of [the exception] in cases . . . involving the alleged actions [of] attorneys, or those acting under their control." 926 F.Supp.2d at 717. Similarly, in United States v. Daniel, 3 F.3d 775, 778 (4th Cir. 1993), the court found that under 21 U.S.C. § 841, a statute criminalizing, among other things, distribution of controlled substances, the government must allege in the Indictment the inapplicability of § 822(c), an exception for doctors and pharmacists.

In Jackson and Daniel, the exceptions pertained not to all potential defendants prosecuted under the statutes at issue, but rather only to a select group of professionals. Thus, as the Jackson court noted, the government would not be required to allege the inapplicability of the exception in every case. Instead, it would only be required to do so if the defendant were a lawyer or agent of the lawyer. Arguably, this reasoning extends to § 822(c) — the exception involved in Daniel — and the government would only need to allege the inapplicability of the

5

exception if the defendant were a doctor or pharmacist. The Jackson court found that this limitation mitigated the government's concern of the "absurd result of . . . having to negate that the defendant was providing bona fide legal services wherever it charges a defendant with [obstruction of justice]." 926 F.Supp.2d at 717.

In contrast, the exception in Royal was potentially applicable to every defendant prosecuted under the firearm provisions of § 922. Thus, had the court found that the inapplicability of the "antique firearm exception" was an essential element, the government would then have been required to allege in every firearms prosecution under § 922 that the firearm at issue was not an "antique firearm."

The exception codified in § 666(c), unlike the exceptions in Jackson and Daniel, is not tailored to a specific category of potential defendants. Rather, like the exception in Royal, it is potentially applicable to every defendant charged with theft or bribery under § 666(a). Thus, § 666(c) has no limitation comparable to § 1515(c) and § 822(c), and the court declines to broaden Jackson and put the burden on the government to allege in every prosecution under § 666(a) that funds at issue do not amount to bona fide salary or compensation of the defendant.

Further, the court finds that even if the inapplicability of § 666(c) were an essential element of the crime, the

6

government adequately alleged in the Indictment that the funds defendant is accused of stealing were not "bona fide salary, wages, fees, or other compensation paid, or expenses paid or reimbursed, in the usual course of business." § 666(c). The government alleged in the Introduction of the Indictment that the transactions and funds covered by Counts One through Four were concealed in financial statements and violated ECDC bylaws, USDA regulations, the N.C. Nonprofit Corporation Act, IRP loan applications, and the ECDC work plan. (See Second Superseding Indictment, ¶¶ 119, 134, 136, 142.) "[T]he sufficiency of an indictment should be determined by practical, as distinguished from purely technical, considerations." United States v. Matzkin, 14 F.3d 1014, 1020 (4th Cir. 1994) (internal quotation omitted). Although the government did not track the language of the § 666(c) exception, the Indictment makes clear that the grand jury considered the issue of whether the funds that defendant allegedly stole amounted to bona fide salary, wages, or compensation. The court finds that the government sufficiently alleged in the Indictment that the funds at issue were not bona fide payments made to defendant.

Accordingly, the court DENIES defendant's motion to dismiss Counts 1-4 [DE #210].

### III. Motion to Dismiss Count 9 on Duplicity Grounds [DE #212]

Defendant moves to dismiss Count Nine of the Second Superseding Indictment ("Indictment") as fatally duplicitous. Duplicity, which is generally forbidden, involves the government joining multiple distinct offenses in a single count. See United States v. Burns, 990 F.2d 1426, 1438 (4th Cir. 1993). Defendant alleges that Count Nine charges him with three separate acts of concealment, and, thus, the court should dismiss the count as duplicitous or order the government to elect on which of the three charged acts of concealment it intends to proceed.

The government responds that defendant "miscomprehends the concept of duplicity." [DE# 228, at 12.] It contends that Count Nine charges defendant with a scheme to falsify, cover up, and conceal from the United States Department of Agriculture material facts that he had a duty to disclose. The government argues that the multiple acts set out in Count Nine were part of one scheme, and that the prohibition of duplicitous counts does not apply in this situation. See United States v. Kamalu, 298 F. App'x 251, 254 (4th Cir. 2008) (unpublished) (stating that the prohibition on duplicity does not apply when multiple acts make up "a single, continuing scheme").

The court finds, as argued by the government, that Count Nine charges defendant with a single criminal scheme — namely,

8

the theft of $300,000 from two federally-funded non-profit entities. The specific instances of concealment outlined in Count Nine were all part of the single, over-arching alleged scheme. Accordingly, the duplicity prohibition is not implicated, and the court DENIES defendant's motion [DE #212].

**IV. Motion to Dismiss all Counts [DE #213]**

Defendant seeks dismissal of Counts One through Twelve for failure to comply with the Fifth and Sixth Amendments and with Rule 7 of the Federal Rules of Criminal Procedure, which requires an indictment to "be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7. In the alternative, defendant requests a bill of particulars to supplement the Indictment. Defendant argues that the Indictment, which is 77 pages long, is not concise because it covers a period of 25 years and "contains countless irrelevant and unnecessary allegations." [DE #213, at 2.] He further contends that the Indictment is not plain because it is unclear which of the 191 paragraphs of the Indictment's introduction applies to each count. Thus, the defendant contends, he cannot fairly ascertain the nature of the charges against him. Lastly, he argues that the Indictment is not definite because "it never expressly identifies the essential facts supporting each count." [Id. at

9

3.] Defendant maintains that this affords the government unfair latitude to shift its theory of the case at trial.

The court finds the Indictment is sufficient to meet the guarantees of Rule 7 of the Federal Rules of Criminal Procedure and of the Fifth and Sixth Amendments. Due to the complicated nature of the charges against defendant, a lengthy introduction section was useful to adequately explain and detail the alleged scheme. The indictment sufficiently "(1) indicate[s] the elements of the offense[s] and fairly inform[s] the defendant of the exact charges and (2) enable[s] the defendant to plead double jeopardy in subsequent prosecution for the same offense[s]." United States v. Williams, 152 F.3d 294, 299 (4th Cir. 1998); accord, Hamling v. United States, 418 U.S. 87, 117 (1974). Therefore, the court DENIES defendant's motion [DE #213].

V.  Motion for Bill of Particulars on Counts 11 and 12 [DE #214]

Defendant seeks a bill of particulars as to Counts Eleven and Twelve, pursuant to the Sixth Amendment and Rule 7(f) of the Federal Rules of Criminal Procedure. Counts Eleven and Twelve charge defendant with lying on tax forms by understating his income. Defendant argues that a bill of particulars is necessary because the Indictment fails to "expressly state what was left out of the income calculation," thereby giving the

10

government too much freedom "to roam" at trial. [DE #214, at 2.] The government argues that the time for requesting a bill of particulars has long expired and, additionally, that "there is no legal basis for the Defendant's demand." [DE #228, at 18.]

Under Rule 7(f) of the Federal Rules of Criminal Procedure, "[t]he defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." Fed. R. Crim. P. 7(f). Defendant was arraigned on 14 May 2013, and, thus, defendant's request for a bill of particulars is overdue. Further, the court will not permit defendant's motion at this late date, finding that Counts Eleven and Twelve of the Indictment comply with statutory and constitutional requirements and are adequate to allow defendant to prepare his defense. See United States v. Schembari, 484 F.2d 931 (4th Cir. 1973) (noting that the purpose of a bill of particulars is to provide defendant with sufficient information to prepare for trial).

Therefore, defendant's motion for a bill of particulars on Counts 11 and 12, [DE #214], is DENIED.

### VI. Motion to Dismiss Counts 1-4 for Failure to State an Offense [DE #215]

Defendant urges the court to dismiss Counts One through Four for failure to state an offense. [DE #215, at 1.]

11

Defendant argues that the government has failed to adequately incorporate by reference the introductory paragraphs of the Indictment into Counts One through Four. Thus, he argues, these counts must stand on their own. Without reference to the introductory paragraphs, defendant contends that these counts fail to allege the essential elements of any of the various methods of proving a violation under 18 U.S.C. § 666(a).

The government argues that Counts One through Four properly track the language of the statute and are supported by factual allegations in the Indictment. [DE #228, at 20.] It further contends that defendant is challenging the Indictment for failure to include "sub-elements" of §666(a)(1)(a), which the government need not allege in the Indictment. The government also maintains that it has adequately incorporated the introduction of the Indictment into each alleged count.

The court finds that the government adequately incorporated the introductory section of the Indictment into each count. Immediately preceding the enumerated counts, paragraph 191 of the Indictment states, "The allegations set forth in the foregoing Introduction are hereby incorporated by reference into each count of this Second Superseding Indictment and realleged therein." Paragraph 191 specifically and unambiguously incorporates the introductory paragraphs into each count, and, thus, is sufficient. See United States v. Vanderpool, 528 F.2d

12

1205, 1206-07 (4th Cir. 1975) (allowing an indictment to incorporate by reference the introductory section of the indictment into subsequent counts). "[T]he purpose of the indictment is to inform fully the defendant of the charge[s] against him." Vanderpool, 528 F.2d at 1206-07. The government's method of incorporation fulfills this purpose.

Further, the court finds that the Indictment sufficiently alleges the essential elements of Counts One through Four. As the government argues, defendant incorrectly faults the government for failing to allege "sub-elements" of § 666(a) in the Indictment. Counts One through Four adequately track the language of the statute and put defendant on sufficient notice of the charges against him.

Therefore, the court DENIES defendant's motion to dismiss counts 1-4 for failure to state an offense, [DE #215].

### VII. Motion to Dismiss Counts 1-9 and 11-12 on Vagueness Grounds [DE #216]

Defendant moves the court to dismiss Counts One through Nine and Eleven and Twelve "because those counts rely on theories of criminality that the Supreme Court has deemed too vague and amorphous to satisfy the Due Process Clause of the Fifth Amendment." [DE #216, at 1.] Defendant argues that the government is prosecuting defendant under a "conflict-of-interest" theory of criminality and based on a technical

13

violation of an organization's bylaws. Defendant maintains that such a prosecution is constitutionally impermissible. He also argues that Count Nine should be dismissed because it unconstitutionally criminalizes a violation of the United States Department of Agriculture's ("USDA") IRP regulations, which are confusing and misleading.

The government argues that defendant, in support of his motion, extends Supreme Court precedent beyond its proper bounds. [DE #228, at 23-25.] It also contends that defendant is being charged for theft and for concealment of that theft, not for conflict of interest transactions or violations of organizational bylaws. Regarding Count Nine, the government argues that defendant incorrectly states that the government must prove a violation of the USDA's IRP regulations.

Criminal offenses must be sufficiently defined in order to put individuals on notice of what conduct is prohibited and to discourage arbitrary and discriminatory enforcement of the law. Kolender v. Lawson, 461 U.S. 352, 357 (1983). The court finds the statutes under which the government has charged defendant are sufficiently clear to give notice of what conduct is prohibited. The court credits the government's position that defendant is charged with theft and covering up that theft, not with violations of bylaws and federal regulations. As the government accurately stated, "While the Defendant's non-

14

compliance with conflict of interest rules and non-profit bylaws is certainly relevant to his intent, the charges plainly arise out of the Defendant's [alleged] theft of $300,000 and, in this regard, the supporting allegations are sufficiently pled and by no means 'vague'." [DE #228, at 28.]

Therefore, defendant's motion to dismiss Counts 1-9 and 11-12 on vagueness grounds, [DE #216], is DENIED.

### VIII. Motion to Produce Unredacted Emails [DE #222]

This matter is before the court on defendant's motion for production of unredacted emails. The court has carefully reviewed defendant's motion and the government's response. Additionally, the court heard argument on this motion at the hearing held on January 15, 2015. At the hearing, the court ordered the government to submit for in camera inspection the unredacted version of the 24 pages of emails at issue.

The court has reviewed the redacted portions of the emails in camera. Unless the government can articulate an objection to production other than that raised in their brief in response to the motion, the court hereby directs the government to produce the redacted portion of the email contained on the page marked "USDA Emails 1218." No other redacted portions need be produced. The court GRANTS IN PART and DENIES IN PART the motion [DE #222].

## CONCLUSION

For the foregoing reasons, defendant's:

(1) Motion for Production of Any Order Extending Grand Jury's Term or, in the alternative, for Dismissal [DE #207] is DENIED;

(2) Motion to Dismiss Counts 1-4 (§ 666 Counts) [DE #210] is DENIED;

(3) Motion to Dismiss Count 9 on Duplicity Grounds [DE #212] is DENIED;

(4) Motion to Dismiss all Counts [DE #213] is DENIED;

(5) Motion for Bill of Particulars on Counts 11 and 12 [DE #214] is DENIED;

(6) Motion to Dismiss Counts 1-4 for Failure to State an Offense [DE #215] is DENIED;

(7) Motion to Dismiss Counts 1-9 and 11-12 on Vagueness Grounds [DE #216] is DENIED; and

(8) Motion to Produce Unredacted Emails [DE #222] is GRANTED IN PART and DENIED IN PART.

This 21st day of January 2015.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26