IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:12-CR-88-1H

UNITED STATES OF AMERICA,   )
                            )
                            )
                            )
    v.                      )           **ORDER**
                            )
                            )
STEPHEN A. LAROQUE,         )
                            )
        Defendant.          )


This matter is before the court on defendant's motion to quash writ of execution and objection to writ of execution. The government has responded, and both parties have made numerous filings in this matter, all of which have been reviewed by the undersigned. At petitioner's request, the court held a hearing on this matter on September 26, 2017.

Defendant makes the following objections in support of his motion to quash:

   I.   The total amount of the outstanding debt is significantly overstated.

   II.  The Writ of Execution [DE #322] should be quashed because it is procedurally defective.

   III. The writ should not apply to property covered by the attached Claim for Exemptions.

IV. The majority of the items of property listed in the attachment to the Writ is not property of the judgment debtor, defendant.

V. To the extent that any of the listed property is co-owned property of judgment debtor and his wife, Susan Laroque, Mrs. Laroque is the "equitable owner" of certain items of property.

VI. Pursuant to the court's equitable, authority, petitioner and claimants respectfully request this court impose a payment plan to satisfy any remaining debt.

VII. Petitioner and claimants respectfully request the court exercise its equitable authority to deny the writ of execution as to certain supplemental property that, if sold, would render little return to the United States.

VIII. Petitioner and claimants respectfully request that this court enter any order which justice requires in order to protect petitioner and claimants from undue hardship, burden, or expense.

### BACKGROUND

Judgment was entered against defendant for restitution of $300,000 plus a $5,000 fine and the special assessment required in his case. Shortly after sentencing, the cash held in trust by defense counsel, $56,129.51, was applied to defendant's restitution. In late August 2015, the restrained properties were auctioned with proceeds totaling $120,950.40 applied to the restitution. Defendant's wife, Susan Laroque, as Laroque's attorney in fact, executed the contracts (because Laroque had already reported to the Bureau of Prisons (BOP)). Thus, at that

time they knew that approximately $122,000 remained due on the judgment. In December 2015, the government informed defendant's counsel regarding the remaining balance and were told counsel no longer represented him. Over the next eight months, Laroque paid a mere $200 through the Inmate Financial Responsibility Program. In August 2016, $122,720.09 remained outstanding, and the government began enforcement efforts through writs of garnishment. At that point the government learned from State Employees' Credit Union (SECU) that defendant's IRA account had been entirely depleted. The government contends these depletions were part of a series of fraudulent transfers by defendant and his wife in order to avoid payment of restitution. That issue is not before the court today.

In April 2017, the government learned defendant and his wife insured 44 pieces of jewelry for $135,265. In June 2017, the government learned that defendant's financial declaration showed jewelry valued at only $50,000 was in his home, but he did not list jewelry as having been sold or transferred.

On July 27, 2017, the government filed an application for a writ of execution [DE #318] in an effort to seize the jewelry insured by defendant and his wife, and according to defendant, maintained at his home. Ultimately, only one of the forty-four (44) pieces of jewelry were located at defendant's home by the Marshal Service. The Marshal Service did levy on other property

3

including currency over $500 and other personal property reasonably valued over $1,000. On August 16, 2017, defendant, his wife, and stepdaughter filed the objection and motion to quash writ currently before this court.

**OBJECTIONS**

**I.    The Total Amount of Debt is Significantly Overstated**

At the hearing, defendant through counsel specifically noted he was not waiving any claims, but for purposes of the hearing wanted to focus only on objection one—that the total amount of outstanding debt is significantly overstated. As to this objection, defendant has two main arguments: (1) defendant should receive credit against restitution owed for judgment entered in his favor against East Carolina Development Corporation (ECDC), a non-governmental, non-profit entity and (2) the sale of the real property belonging to defendant was not properly noticed and therefore the property did not bring sufficient value and therefore the restitution should be offset by this loss.

The court finds both arguments to be without merit. As to the judgment against ECDC, the court notes the payee of the court-ordered restitution is not ECDC; it is the United States Department of Agriculture—Rural Development Program. The USDA was not a party to the state law action between Laroque and ECDC. The court understands ECDC has agreed to pay Laroque $67,500, none of which Laroque has received as of the date of the hearing in

4

this matter. Defendant also does not believe he will receive any money from that judgment. The court notes defendant's argument that the USDA is not the proper victim; however, that argument could have been raised on appeal. Mr. Laroque did not appeal the judgment in his case. He may not now attempt to collaterally attack the judgment in this enforcement proceeding.

Defendant also argues the sale of the real property belonging to defendant was not properly noticed and therefore the property did not bring sufficient value and therefore the restitution should be offset by this loss. The property was sold pursuant to a contract between defendant and Rogers Realty, as required by the Consent Restraining Order and to which defendant agreed. This consent order allowed defendant 120 days to attempt to sell the property on his own. If not, defendant agreed Rogers Realty would sell the property. According to government counsel, Rogers Realty conducts execution sales all over the country. The government was not a party to the contract between defendant and Rogers Realty. Susan Laroque, as Laroque's attorney in fact, made no objection at the time of the sales. The court notes one of these properties which Laroque now claims was sold for less than value was purchased by Laroque's stepdaughter. The court finds this objection meritless.

**II. The Writ of Execution [DE #322] should be quashed because it is procedurally defective.**

Defendant and claimants contend the writ of execution should be quashed because it is procedurally defective because it failed to list either the amount of the costs or the amount of interest due. However, as of the date of issuance of the writ, no costs or interest had accrued, explaining why no specific amounts were included. This objection is without merit.

**III. The writ should not apply to property covered by the attached Claim for Exemptions**

While defendant does not identify any specific property he claims as exempt, the court notes if any of the property identified or seized is exempt property, his exemptions are limited to the value of the property allotted for such exemption.

**IV. The majority of the items of property listed in the attachment to the Writ is not property of the judgment debtor, defendant**

The government disagrees with defendant's contention that most of the property belongs to claimants. However, the government also notes that personal property acquired by one spouse during marriage is, by statute, presumed to be jointly held marital property. This objection is without merit.

**V.     To the extent that any of the listed property is co-owned property of judgment debtor and his wife, Susan Laroque, Mrs. Laroque is the "equitable owner" of certain items of property**

This objection is without merit for the reasons stated above in regards to Objection IV.

**VI.    Pursuant to the court's equitable, authority, petitioner and claimants respectfully request this court impose a payment plan to satisfy any remaining debt**

Defendant has not presented evidence of change in economic circumstances nor has he presented evidence of an inability to pay the court-ordered restitution. At this point in the collection efforts, the court declines to alter the judgment regarding a payment plan.

**VII.   Petitioner and claimants respectfully request the court exercise its equitable authority to deny the writ of execution as to certain supplemental property that, if sold, would render little return to the United States.**

As defendant does not specifically identify the property that has sentimental value, the court cannot rule on this objection. However, the court notes the government does not object to marshaling the assets so that any property of sentimental value is sold last.

**VIII.  Petitioner and claimants respectfully request that this court enter any order which justice requires in order to protect petitioner and claimants from undue hardship, burden, or expense**

Based on the court's findings that the other objections are

meritless, this objection is also denied. The court does not find any undue hardship has been placed on defendant in light of the judgment entered against him which included restitution.

**CONCLUSION**

For the foregoing reasons, defendant's motion to quash writ of execution [DE #324] is DENIED.

This 21st day of November 2017.

*[signature]*
MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#26

8